## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VASO ACTIVE PHARMACEUTICALS, INC., | ) |
| | ) Case No. 10-10855 (CSS) |
| Debtors. | ) |
| ———————————————————— | ) |
| JEOFFREY L. BURTCH, | ) |
| AVOIDANCE ACTION TRUSTEE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Pro. No. 11-52005 (CSS) |
| | ) |
| JOHN J. MASIZ and | ) |
| JOSEPH F. FRATTAROLI, | ) |
| | ) |
| Defendants. | ) |

## OPINION

| | |
|---|---|
| **COOCH AND TAYLOR, P.A.** | Joseph F. Frattaroli |
| Henry A. Heiman | 71 Central Street |
| Robert W. Pedigo | Topsfield, MA  01983 |
| The Brandywine Building | |
| 100 West Street, 10th Floor | Pro Se |
| Wilmington, DE  19899-1680 | |
| | |
| Counsel to Jeffrey L. Burtch, | |
| Avoidance Action Trustee | |

Date: August 11, 2014

Sontchi, J. _____

Before the Court is a motion styled Plaintiff, Judgment Creditor Jeoffrey L.

Burtch's Motion for a Rule to Show Cause-Contempt to Defendant, Judgment Obligor

Joseph F. Frattaroli (the "Motion").  For the reasons set forth below, the Court will grant the Motion and enter an order finding Joseph F. Frattaroli in civil contempt for violating the Court's prior order requiring Frattaroli to properly and completely respond to discovery.

## STATEMENT OF FACTS

### A.    Factual and Procedural History

On March 11, 2010, Vaso Active Pharmaceuticals, Inc. (the "Debtor" or "Vaso") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. A Second Amended Chapter 11 Plan of Reorganization was filed on October 2, 2010,[1] which was confirmed by the Court in November 2010.[2]  Pursuant to the confirmation order, Jeoffrey L. Burch (the "Trustee" or "Plaintiff") was appointed as the Avoidance Action Trustee (as defined in the Plan) pursuant to 11 U.S.C. §§ 321-33, and was assigned all avoidance actions and other claims under 11 U.S.C. §§ 544, 547, 548 and 550 to pursue for the benefit of Vaso's creditors.

Thereafter, on May 20, 2011, the Trustee commenced this present adversary proceeding (via the Complaint) against John J. Masiz ("Masiz") and Joseph F. Frattaroli ("Frattaroli" and together with Masiz, the "Defendants"), seeking, among other things, avoidance of preferential transfers, avoidance of fraudulent transfers (under multiple federal and state theories), disallowance of claims, and unjust enrichment.[3]  Within weeks

---

[1]  Del. Bankr. No. 10-10855, D.I. 96.

[2]  *Id.,* D.I. 116.

[3]  Adv. P. No. 11-52005, D.I. 1 (Unless otherwise noted, all docket references are to the adversary docket which is the subject of this motion, Adv. P. No. 11-52005).

2

of the Defendants' Answer to the Complaint,[4] the Trustee filed a motion for partial summary judgment seeking a determination that cerrtain transfers made to Defendants were fraudulent conveyances.[5]  The motion was granted in part and denied in part,[6] but the resulting Court order directed Plaintiff's counsel to file a proposed Judgment against Frattaroli under Count VII of the Complaint (constructively fraudulent transfers) in the amount of $322,927.00 plus pre-judgment interest.[7]  The Trustee subsequently did so, and the Court, finding no just reason to delay the entry of a final order, entered a final judgment and order against Frattaroli on December 19, 2012.[8]

      B.    *Current Developments at Issue*

Under the Federal Rule of Civil Procedure 69(a), made applicable by the Federal Rule of Bankruptcy Procedure 7069(a), a judgment creditor can obtain discovery in aid of enforcing or executing a money judgment.  The Trustee thus served interrogatories and requests for production on Frattaroli,[9] in accordance with the procedures of the Superior Court of the State of Delaware (Civil) Rule 69(aa).  Upon failure by Frattaroli to respond within the required time period, and after a warning by the Trustee was sent to Frattaroli's counsel, the Trustee filed Jeoffrey L. Burtch's Motion for an Order Requiring Judgment Debtor Frattaroli to: Properly and Completely Respond to Discovery, and/or

---

[4] D.I. 5.

[5] D.I. 6 and 7.

[6] *See* Opinion, D.I. 24, *available at* 2012 WL 4793241.

[7] Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment, D.I. 25.

[8] D.I. 59.  Interest is to be paid at 6% from December 29, 2009 until paid in full.

[9] *See* D.I. 71, 72.

for a Rule to Show Cause-Contempt.[10]  This motion was granted, with a corresponding

Order, on July 16, 2013 after a hearing before the Court (the "July 16 Order").[11]

In response to the July 16 Order, Frattaroli's counsel served the Trustee a set of

"Combined Objections and Responses" to the Trustee's first set of interrogatories and

requests for production.[12]  In answering interrogatories about the extent of Frattaroli's

assets and liabilities, such as the existence of any ownership interests in real property,

businesses, and securities, and the existence of any judgment creditors, only a personal

balance sheet and a statement of pre-tax total income was given.[13]  The same was given

in response to the Trustee's request for the production of documents which related and

referred to Frattaroli's assets.[14]  The personal balance sheet and statement of pre-tax total

income, however, do not respond to the interrogatories and requests for document

production at the level of specificity requested for by the Trustee.[15]  Beyond providing

these two documents, and in response to any other questions presented in the

interrogatories, McCarter & English, LLP (Frattaroli's counsel, "McCarter") responded

by either directing the Trustee to facts previously asserted on the record of the case, or by

stating that McCarter lacks "sufficient information to formulate any (additional)

---

[10] *See* D.I. 93, ¶¶ 3, 4.

[11] *See* Order Granting Trustee's Motion for an Order Requiring Judgment Debtor Frattaroli to Properly and Completely Respond to Discovery and/or for a Rule to Show Cause-Contempt, D.I. 108.

[12] D.I. 111.

[13] D.I. 113-5 (Exh. D), Defendant Joseph F. Frattaroli's Combined Objections and Responses, Answers to Interrogatories No. 1-3, 5, 7.

[14] *See, e.g. id.*, Responses to Requests for Production of Documents No. 1-3, 5, 6, 8.

[15] *Id.,* Joseph Frattaroli: Personal Balance Sheet and Statement of Pre-tax Total Income, p. 16.

response," to the requests.[16]  It was declared that the responses to the interrogatories and to the requests for production were "solely based upon information and documents which were in the possession of McCarter.  Despite multiple requests to Mr. Frattaroli no information or documents were received from him to aid in these responses."[17]

McCarter subsequently filed a motion to withdraw as counsel to Frattaroli, which was granted by this Court on September 20, 2013.[18]  McCarter's motion described instances in which McCarter attempted to contact and inform Frattaroli about his obligations to respond to discovery, to which no response was received from Frattaroli.[19]  No further communications, including any discovery responses, were received by McCarter beyond a phone call on August 29, 2013, in which Frattaroli expressed that he was "continuing to gather information and documents and that he intended to provide responses the next day."[20]

In light of the foregoing, Plaintiff filed this Motion for the failure of Frattaroli to respond fully to discovery, as required by the Court's July 16 Order.  Within this Motion, Plaintiff seeks a finding of contempt by Frattaroli, and if appropriate, the issuance of a bench warrant exercisable for the arrest and detention of Frattaroli, or another remedy, to ensure compliance with the Court's July 16 Order.

---

[16] *See, e.g. id.,* Answers to Interrogatories No. 1, 2, 4, 6.

[17] *Id.,* n. 1; Responses to Requests for Production of Documents, n. 2.

[18] *See* D.I. 115, 119.

[19] *See* Second Motion to Withdraw as Counsel to Joseph F. Frattaroli, D.I. 115, ¶ 6.

[20] *Id.*

## ANALYSIS

*A.     The Bankruptcy Courts' Powers to Sanction or Find Contempt*

Under Rule 37 of the Federal Rule of Civil Procedure, made applicable by the Federal Rule of Bankruptcy Procedure 7037, a court may issue further orders after a failure to obey an order to provide or permit discovery.  For instance, a court may strike pleadings in whole or in part, stay further proceedings until the order is obeyed, dismiss the proceeding in whole or in part, render a default judgment against the disobedient party, or treat as contempt of court the failure to obey any order (that is not an order to submit to a physical or mental examination).[21]  In addition to, or instead of, issuing any of the orders above, the court must order the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses caused by the failure, including attorney's fees, unless the failure was substantially justified or other circumstances made the award of expenses unjust.[22]  While the type of sanction to issue for Rule 37 violations is committed to the "sound discretion" of the court,[23] the sanction must be just, and must specifically relate to the claim or claims at issue within the discovery order.[24]  Further, when the court does impose sanctions, it is important that the court articulate the reasons for its decisions.[25]

---

[21] Fed. R. Civ. P. 37(b)(2)(A).

[22] Fed. R. Civ. P. 37(b)(2)(C).

[23] *See DiGregorio v. First Rediscount Corp.,* 506 F.2d 781, 788 (3d Cir. 1974).

[24] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

[25] *Transportes Aereos de Angola v. Ronair, Inc.,* 104 F.R.D. 482, 499 (D. Del. 1985) (citing *Quality Prefabrication, Inc. v. Daniel J. Keating, Co.,* 675 F.2d 77, 78 (3d Cir. 1982)).

Alternatively, 11 U.S.C. § 105 states that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[26] This provision "supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."[27] While it does not give the power to "create substantive rights that would otherwise be unavailable under the Bankruptcy Code,"[28] it gives the court "general equitable powers . . . insofar as those powers are applied in a manner consistent with the Code."[29] As a result, bankruptcy courts frequently find parties in civil contempt under the authority granted within this provision.[30] In contrast, bankruptcy courts possess no criminal jurisdiction, and thus do not have the authority to impose punishments appropriate to findings of criminal contempt.[31]

Federal courts, however, also have an additional inherent power to police by sanctioning parties who have "acted in bad faith, vexatiously, wantonly, or for oppressive

---

[26] 11 U.S.C § 105(a).

[27] *In re Cont'l Airlines*, 203 F.3d 203, 211 (3d Cir. 2000).

[28] *Id.* (citing *United States v. Pepperman*, 976 F.2d 123, 131 (3d Cir.1992)).

[29] *In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005) (quoting *In re Morristown & Erie R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989)).

[30] *See, e.g., In re Cont'l Airlines, Inc.*, 236 B.R. 318, 331 (Bankr. D. Del. 1999) *aff'd sub nom. In re Cont'l Airlines*, 90-932, 2000 WL 1425751 (D. Del. Sept. 12, 2000) *aff'd sub nom. In re Cont'l Airlines, Inc.*, 279 F.3d 226 (3d Cir. 2002). *See also In re Baker*, 390 B.R. 524, 531 (Bankr. D. Del. 2008) *aff'd*, 400 B.R. 136 (D. Del. 2009); *In re Anderson*, 348 B.R. 652, 661 (Bankr. D. Del. 2006); *In re WCI Communities, Inc.*, No. 08-11643, 2012 WL 1981713 (Bankr. D. Del. June 1, 2012) (Carey, J.). *Accord In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989); *Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 612 (5th Cir. 1997); *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990); *In re Hardy*, 97 F.3d 1384, 1389 (11th Cir. 1996).

[31] *In the Matter of Kennedy*, 80 B.R. 673, 674 (Bankr. D. Del. 1987).

reasons."[32]   Sanctions imposed pursuant to this inherent power vindicate the court's authority while avoiding the need to resort to the more drastic sanctions available for contempt of court.[33]   Yet "[b]ecause of their very potency," the federal courts must be careful to exercise these inherent powers "with restraint and discretion."[34]

      B.    *Contempt and Possible Sanctions for Contempt*

Procedurally, motions for an order for contempt are governed by the Federal Rule of Bankruptcy Procedure 9014, pursuant to the Federal Rule of Bankruptcy Procedure 9020.[35] Rule 9014 provides that contested matters not otherwise governed by the rules shall be governed by motion.

Sanctions for civil contempt can be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.[36]   A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3)

---

[32] *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.,* 57 F.3d 1215, 1224 (3d Cir. 1995) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991)).

[33] *Id.*

[34] *Id.* (quoting *Chambers v. NASCO, Inc.,* 501 U.S. at 45–46).

[35] Rule 9020 states the following: "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Prior to the 2001 Amendments, Rule 9020 provided that contempt could be determined by a bankruptcy judge only after a hearing on notice, unless the contempt was committed in the presence of a bankruptcy judge.  The Advisory Committee Notes state that this was modified because "[i]ssues relating to the contempt power of bankruptcy judges are substantive and are left to statutory and judicial development, rather than procedural rules."

[36] *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303-04 (1947).

that the defendants disobeyed the order.[37]  The "clear and convincing" standard holds a heavy burden; where there is ground to doubt the wrongfulness of the conduct of the defendant, he should not be adjudged in contempt.[38]  Any ambiguity in the law should also be resolved in favor of the party charged with contempt.[39]  Lastly, parties should not be held in contempt unless the Court first gives fair warning that certain acts are forbidden.[40]

Whether a sanction for contempt is criminal or civil depends on the character of the sanction imposed, not on the subjective intent of the Court.[41]  While civil contempt is coercive and looks to the future, criminal contempt punishes past behavior and affords no *locus poenitentiae* (an opportunity to repent or change one's mind).[42]  Willfulness or contumacy, however, is a required element only for criminal contempt.[43]

The sanctions available to a court in response to civil contempt are "many and varied," encompassing "an indeterminate period of confinement," fines, reimbursement,

---

[37] *Marshak v. Treadwell,* 595 F.3d 478, 485 (3d Cir. 2009) (quoting *Harley–Davidson, Inc. v. Morris,* 19 F.3d 142, 145 (3d Cir. 1994)).

[38] *Fox v. Capital Co.,* 96 F.2d 684, 686 (3d Cir. 1938).

[39] *U.S. on Behalf of I.R.S. v. Norton,* 717 F.2d 767, 774 (3d Cir. 1983).

[40] *Id.*

[41] *Hicks on Behalf of Feiock v. Feiock,* 485 U.S. 624, 635-36 (1988).

[42] *In re Davitch,* 336 B.R. 241, 251 (Bankr. W.D. Pa. 2006) (quoting *In re Eskay,* 122 F.2d 819, 823 (3d Cir. 1941)).

[43] *Waste Conversion, Inc. v. Rollins Envtl. Servs. (NJ), Inc.,* 893 F.2d 605, 609 (3d Cir. 1990) ("The element of willfulness, however, is an essential component of the crime and distinguishes civil from criminal contempt."); *Harley-Davidson, Inc. v. Morris,* 19 F.3d 142, 148 (3d Cir. 1994) ("We note that willfulness is not a necessary element of civil contempt . . . [and is] relevant to the [civil] contempt proceeding only insofar as it pertained to the extent of the sanction to be imposed.").

or any combination of these.[44]   These sanctions remain coercive and civil, rather than

punitive and criminal, as long as the contemnor is afforded the opportunity to purge the

contempt.[45]  Yet when utilizing civil sanctions, the Third Circuit advises courts to "apply

the least coercive sanction . . . reasonably calculated to win compliance with its orders."[46]

If compliance is not forthcoming, the initial penalty may be increased, or a new penalty

appropriate under the circumstances may be selected.[47]

      C.    *Frattaroli's Conduct*

In this present case, Frattaroli's conduct is clearly contemptuous.  First, the fact

that a valid order of the Court existed is reflected in the July 16 Order granting the Jeoffrey

L. Burtch's Motion for an Order Requiring Judgment Debtor Frattaroli to Properly and

Completely Respond to Discovery and/or for a Rule to Show Ca[u]se-Contempt, which

was signed and entered on July 16, 2013, after a Court hearing and after sufficient notice

of both the Motion and hearing.[48]  Secondly, Frattaroli had knowledge of the existence of

the Order. Counsel for both the Trustee and Frattaroli were present at the July 16, 2013

hearing,[49] and Frattaroli's counsel, McCarter, filed an Opposition to this Motion.[50]

---

[44] *Latrobe Steel Co. v. United Steelworkers of Am., AFL-CIO*, 545 F.2d 1336, 1344 (3d Cir. 1976), discussed in *In re Free*, 466 B.R. 48, 57 (Bankr. W.D. Pa. 2012).

[45] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829-30 (1994).  *See also Penfield Co. of Cal. v. Sec. & Exch. Comm'n*, 330 U.S. 585 (1947) ("Fine and imprisonment [can be] employed not to vindicate the public interest but as coercive sanctions to compel the contemnor to do what the law made it his duty to do.").

[46] *In the Matter of Grand Jury Impaneled January 21, 1975*, 529 F.2d 543, 551 (3d Cir. 1976).

[47] *Id.*

[48] D.I. 108.

[49] D.I. 109 (Court Sign-In Sheet for 2:00pm hearing on July 16, 2013).

[50] D.I. 97.

McCarter has stated that emails informing Frattaroli of the outcome of this hearing, of his obligation to respond to Discovery and potential consequences for failing to comply, and of Plaintiff's filing of the motion for contempt, were sent to Frattaroli.[51]  According to McCarter, sparse responses were received from Frattaroli, yet all such responses presume knowledge of the July 16 Order and his discovery obligations.[52]  Third, there is no dispute that Frattaroli disobeyed the July 16 Order.  While McCarter may have responded to the discovery requests, the interrogatory was directed to Frattaroli only.[53]  Additionally, McCarter's responses were qualified as responses only based on information and documents in their possession, with no information or documents from Frattaroli despite multiple requests.[54]  Under the Federal Rule of Civil Procedure 33, interrogatories must be answered by the party to whom they are directed,[55] and must be answered "separately and fully in writing under oath."[56]  Frattaroli, to whom the interrogatory was directed, did not respond to the interrogatories under oath within the original deadline required

---

[51] Second Motion to Withdraw as Counsel to Joseph F. Frattaroli, D.I. 115.

[52] McCarter has stated that the first contact it received from Frattaroli in over 2 months was a call on August 20, 2013, stating that Frattaroli was "gathering documents and information with the intent of responding to the Discovery," and another call on August 22, 2013 wherein Frattaroli expressed his availability for a deposition to take place in Boston, Massachusetts, and that he was "continuing to gather information and documents in order to respond to Discovery." *See id.*

[53] Plaintiff Judgment-Creditor's First Set of Interrogatories in Aid of Execution Directed to Defendant Joseph F. Frattaroli, D.I. 113-3 (Exh. B). *See Bracey v. Grenoble*, 494 F.2d 566, 570 n. 7 (3d Cir. 1974) (in which the Third Circuit noted that reliance by a court upon answers to interrogatories given under oath by the party's attorney, rather than the party, constitutes reversible error).

[54] D.I. 113-5 (Exh. D), Defendant Joseph F. Frattaroli's Combined Objections and Responses, Answers to Interrogatories, n. 1.

[55] Fed. R. Civ. P. 33(b)(1).  Made applicable by Federal Bankruptcy Rule 7033.

[56] Fed. R. Civ. P. 33(b)(3).

by the Rules, nor within the second deadline agreed upon by counsel for both parties.[57]

Frattaroli also failed to respond to the requests for the production of documents within

the same deadlines.[58]

As a result, clear and convincing evidence exists to demonstrate Frattaroli's

liability for civil contempt. This contempt can be grounded in a failure to obey a

discovery order under the Federal Rule of Civil Procedure 37, or grounded in the Court's

Section 105 power to authorize orders necessary or appropriate to carry out provisions of

the Bankruptcy Code. As a result, the Court can avail itself of the wide variety of civil

contempt sanctions to impose upon Frattaroli.

D.    *What Sanctions are Most Appropriate Against Frattaroli?*

Plaintiff has requested that the Court find Frattaroli in contempt if Frattaroli were

to fail to appear for the hearing on the Motion (Frattaroli did not attend the hearing), and

for the Court to issue a bench warrant for his arrest and detention, or for other remedies,

to ensure compliance. While sanctions other than contempt can be issued by the Court

through the Federal Rule of Civil Procedure 37 for the failure to comply with a discovery

---

[57] The Federal Rule of Civil Procedure 33(b)(2)(A) states that the party to whom the request is directed must respond in writing within 30 days after being served, unless otherwise stipulated or ordered by the Court. The same applies to requests for the production of documents, under the Federal Rule of Civil Procedure 34(b)(2)(A). These have both been made applicable through the Federal Rules of Bankruptcy Procedure 7033 and 7034, respectively.

The first set of interrogatories and requests for document production were both filed on January 11, 2013. After the Order Requiring Judgment Debtor Frattaroli to Properly and Completely Respond to Discovery was issued on July 16, 2013, counsel for both parties agreed that any responses to discovery would be provided to the Trustee on or before August 7, 2013. (*See* Second Motion to Withdraw as Counsel to Joseph F. Frattaroli, D.I. 115, ¶ 6; Plaintiff's Motion for a Rule to Show Cause-Contempt Directed to Defendant, D.I. 113, p. 1). To date, no responses from Frattaroli have yet been received by either the Trustee or McCarter. (*See id.*).

[58] *See supra* note 51.

order, contempt sanctions are the only appropriate remedy at this stage of the proceeding.[59]

The Court is given wide discretion to tailor the most effective remedy to obtain compliance.[60]    Most bankruptcy courts within this circuit, however, have left incarceration as a last resort.  In the case of *In re McGrath,* 298 B.R. 56, 61 (Bankr. W.D. Pa. 2003), the movant attempted to find the debtor in contempt for failure to comply with orders issued by the bankruptcy court directing him to respond to discovery requests in corollary state court actions.  The movant's request for attorney's fees for the motion was granted, but the request for immediate incarceration of the debtor was deferred. Only if the debtor failed to timely pay the attorney's fees would the Court conduct a further hearing to determine additional sanctions.  In the case of *In re Miller*, No. 05-16155 (DWS), 2007 WL 4322541 (Bankr. E.D. Pa. Dec. 11, 2007), the validity of a contempt order for monetary sanctions was disputed, and the movant sought imprisonment "since monetary sanctions have not elicited compliance."  The court, however, after determining the validity of the first order, issued a second monetary sanction, stating that ". . . enhanced economic penalties for continued disobedience is adequate as a starting point but with the understanding that there will be a short window for compliance after which

---

[59] The inexhaustive list of sanctions described under Rule 37, other than finding contempt, include directing that designated facts are to be taken as established as the prevailing party claims, prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings, staying further proceedings, dismissing the action, or rendering default judgment.  Nonetheless, seeing as a final judgment and order has already been issued against Frattaroli on December 19, 2012, the exercise of any of these other sanctions seem futile.

[60] *See Robin Woods Inc. v. Woods,* 28 F.3d 396, 399 (3d Cir. 1994).  *See also Elkin v. Fauver,* 969 F.2d 48, 52 (3d Cir. 1992) ("The framing of sanctions for civil contempt is committed to the sound discretion of the trial court.").

incarceration shall result."[61]  Similarly, in the case of *In re Free*, 466 B.R. 48, 60 (Bankr. W.D. Pa. 2012), the court noted the "drastic nature" of incarceration, and only imposed severe per diem fines for misconduct.[62]  The court declared, however, that if it became "convinced that compliance can be obtained only by incarceration," it would "not hesitate to order the [d]ebtor to be taken into custody . . . [for a]t this point in time, the [c]ourt is showing mercy on [the d]ebtor."

Within this Court, a single case has addressed this point.  Within the case of *In the Matter of Kennedy*, 80 B.R. 674, 675 (Bankr. D. Del. 1987), contempt was found for the debtor's failure to appear for a required examination after careful scheduling to accommodate the debtor.  The debtor was directed to appear before the Court on a specific date and time, but if he did not, the Court stated that this would result in the United States Marshal being notified to bring the debtor before the court for incarceration.[63]

In contrast, other bankruptcy courts outside the Third Circuit have imposed incarceration as a sanction for civil contempt when it is strongly believed that there is no

---

[61] *In re Miller*, No. 05-16155 (DWS), 2007 WL 4322541, at *4 (Bankr. E.D. Pa. Dec. 11, 2007).

[62] The misconduct of the debtor included nonpayment of rent to the bankruptcy estate despite continued unauthorized use of the property, failure to provide relevant accounting as set forth in a previous order, and failure to cooperate with discovery requests.  Failure by the debtor to comply by newly set deadlines on any of these would result in the daily accumulation of fines payable to the court, at a price of $500.00 per day.

[63] *In the Matter of Kennedy,* 80 B.R. 674, 675 (Bankr. D. Del. 1987).

reason to expect compliance with increased monetary sanctions,[64] particularly if there has been a history of noncompliance with the court.[65]

Here, while Frattaroli has been difficult to deal with, his conduct has not yet reached to a level egregious enough to convince the Court that Frattaroli would not comply with increased monetary sanctions.  This Court is directed by the Third Circuit's guidance of applying the least coercive sanction reasonably calculated to win compliance.  As a result, an Order issuing a monetary sanction and requiring Frattaroli to appear before the Court at a specified date and time, with a secondary sanction of incarceration if compliance is not forthcoming, is the most appropriate at this current juncture.  But, let there be no mistake.  Frattaroli has exhausted the Court's patience.  Further failure to comply with this Court's orders may result in the United States Marshal being notified to bring Frattaroli before the Court for incarceration.

## CONCLUSION

As set forth above, the Court finds Joseph F. Frattaroli in civil contempt for violating the Court's July 16 Order.  The Court holds discretion to impose a variety of sanctions upon Frattaroli for civil contempt, including fines, reimbursement, incarceration, or any combination.  Incarceration, however, in this case must be reserved as a secondary sanction, to be imposed only if compliance is not forthcoming with the Court's newly issued sanction for contempt.  The Court will enter an Order requiring that

---

[64] *See, e.g. In re Norris*, 192 B.R. 863, 874 (Bankr. W.D. La. 1995) *subsequently aff'd,* 114 F.3d 1182 (5th Cir. 1997); *In re Frankel*, 192 B.R. 623, 632 (Bankr. S.D.N.Y. 1996).

[65] *In re Duggan*, 133 B.R. 671, 672 (Bankr. D. Mass. 1991).

discovery be complied with by a certain date, imposing a monetary sanction and requiring Frattaroli to appear at a specific time and place.  Frattaroli's failure to comply with this Court's orders may result in the United States Marshal being notified to bring Frattaroli before the court for incarceration.