# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| VASO ACTIVE PHARMACEUTICALS, INC., | ) | Case No. 10-10855 (CTG) |
| | ) | |
| Debtor. | ) | **Related Docket No. 251** |
| JEOFFREY L. BURTCH, | ) | |
| AVOIDANCE ACTION TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 11-52005 (CSS) |
| | ) | |
| JOHN J. MASIZ, AND | ) | |
| JOSEPH F. FRATTAROLI, | ) | **Related Docket No. 152** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JOSEPH F. FRATTAROLI'S
MOTION TO VACATE CONTEMPT ORDER**

Defendant, Joseph F. Frattaroli (the "Defendant" or "Frattaroli"), by and through his undersigned counsel, hereby moves (the "Motion") this Court for the entry of an Order vacating that certain Order [D.I. 251; Adv. D.I. 152] entered on August 11, 2014 (the "Contempt Order"), and in support of the Motion respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court," or the "Court") has jurisdiction to hear the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue of this Chapter 7 case and the Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. In accordance with Del. Bankr. LR 9013-1(f), Movant consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On March 11, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the Bankruptcy Court.

5. On November 12, 2010, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Chapter 11 Plan of Reorganization for Vaso Active Pharmaceuticals, Inc.* [D.I. 116] (the "Confirmation Order") pursuant to which Jeoffrey L. Burtch was appointed as the Avoidance Action Trustee (the "AA Trustee").

6. On May 20, 2011, the AA Trustee filed a complaint (the "Complaint") against John J. Masiz, Debtor's Chief Executive Officer, and Joseph F. Frattaroli, its Chief Financial Officer, in the Bankruptcy Court, thereby initiating Adversary Proceeding No. 11-52005 (CSS), seeking to avoid and recover for the Debtor's estate in excess of $1,099,190 as alleged preferential transfers and/or fraudulent conveyances, and/or on grounds of unjust enrichment (the "Masiz and Frattaroli Proceeding").

7. On December 19, 2012, the AA Trustee procured a final judgment against Frattaroli in the amount of $322,827.00, plus interest, in the Masiz and Frattaroli Proceeding (the "Judgment").

8. On January 11, 2013, the AA Trustee issued discovery in aid of execution on the Judgment. [Adv. D.I. 71, 72].

9. On August 14, 2013, the AA Trustee filed a Rule to Show Cause - Contempt. [Adv. D.I. 113].

10. On August 11, 2014, the Bankruptcy Court entered the Contempt Order in the Masiz and Frattaroli Proceeding, *inter alia*, sanctioning Frattaroli in the amount of $20,000, payable to the AA Trustee (the "Monetary Sanction"), and scheduling a hearing for December 10, 2014 (the "Contempt Hearing"). [D.I. 251; Adv. D.I. 152].

11. On or about November 7, 2014, Frattaroli filed an initial response to the AA Trustee's written discovery propounded in aid of execution.

12. In early December 2014, undersigned counsel was retained to represent Defendant in connection with the upcoming Contempt Hearing and deposition in aid of execution.

13. On December 10, 2014, Frattaroli, accompanied by undersigned counsel, appeared before Judge Sontchi as ordered. Undersigned counsel entered a limited appearance in connection with the Contempt Hearing and the deposition in aid of execution scheduled to commence that afternoon, explaining to the Court that the scope of his retention would be extended to follow-up matters in connection with assisting Frattaroli discharge his discovery obligations. (Tr. at p. 4, ll.22-24 and p. 12, ll.17-20). A transcript of the Contempt Hearing is attached hereto as Exhibit A.

14. After apologizing to the Court and the AA Trustee, (Tr. at p. 5, l.25 - p. 6, ll.1-7), explaining that his inability to satisfy the Monetary Sanction was due to his personal financial condition, (Tr. at p. 6, ll.19-20), explaining that his failure to formally respond to the AA Trustee's discovery requests was related, at least in part, to his loss of counsel, and also to his being

3

overwhelmed by the circumstances, (Tr. at p. 6, ll.1-7), and pledging to satisfy his formal discovery obligations, (Tr. at p. 7, ll.6-10), Frattaroli, through his undersigned counsel, requested that the Court release the Monetary Sanction contained in the Contempt Order. (Tr. at p. 7, ll.11-12). His Honor held that decision in abeyance and held the hearing continued without date, (Tr. at p. 12, ll.22-23 and p. 14, ll.13-18); stating as follows:

> The Court: I am very pleased that he [Mr. Frattaroli] has retained knowledgeable, competent and well-experienced counsel who is thoroughly professional and understands the obligations that both he and his client hold to the Court, and that provides me with a good bit of solace that this matter will get straightened out.

(Tr. at p. 9, ll.13-18). […]

> The Court: I'd like to await developments to see whether there has been a true good faith effort to comply with discovery and to appear at the deposition, and to participate fully and appropriately at that deposition. If that occurs, and the discovery is thorough and honest and forthright and the deposition goes well, I certainly would be inclined to waive the $20,000 sanction, although the threat of it, if you will, among other things, may have solved the problem, which was to get discovery taken care of.

(Tr. at p. 10, ll.3-11). […]

> Mr. Allinson: Your Honor, as far as my limited appearance, I'm -- I will be representing Mr. Frattaroli with regard to follow-up matters that may flow from today's hearing, as well as this afternoon's deposition.

(Tr. at p. 12, ll.17-20).

> The Court: Okay. I think that satisfies me. All right, should we -- let's leave this hearing then continued without date. If any -- I don't need -- well, I am going to need to hear one way or the other because I would want to enter -- if I'm going to excuse the sanction, I need to enter an order amending that, so that the $20,000 is no longer payable. So I'm going to at the very least need to enter an order taking care of that or be in a position to know if I have to proceed with more onerous sanctions that are out there, the threat of incarceration, which I take really as the last possible thing I would want to do, but I will do, if necessary. And it sounds -- Mr. Allinson's participation almost in and of itself makes that unlikely that we have to go that far, but, again, I'm not in a position today to have a report that puts me

4

> in a position to know what I can and can't get rid of and, if things don't go well, what I might have to do in the future.
>
> Should we schedule a telephone call?

(Tr. at p. 12, ll.21-25 and p. 13, ll.1-13). […]

> The Court: All right. Well, even if there isn't a problem, if things go well, I'm going to want to enter an order.

(Tr. at p. 13, ll.24-25 - p. 14, l.1). […]

> The Court: All right. Okay, I'll continue it without date at this point and take no further action pending a report from counsel as to the status and whatever formal requests or withdrawal of requests, formal or informal requests or withdrawal of requests in connection with how we proceed going forward would be fine. All right?

(Tr. at p. 14, ll.13-18).

15. Thereafter, over the course of many months, Frattaroli fully responded to the AA Trustee's discovery in aid of execution, both in writing and by way of sitting for a multi-day deposition, and completely discharged his obligation to respond to the AA Trustee's discovery in aid of execution, eventually reaching a global settlement with the chapter 7 trustee.

16. On July 11, 2016, the Bankruptcy Court entered an order converting the Debtor's chapter 11 case to a case under chapter 7.

17. On July 14, 2016, David W. Carickhoff was appointed as chapter 7 trustee (the "Chapter 7 Trustee") of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code.

18. On September 25, 2018, after protracted good-faith, arm's length negotiations, Frattaroli and the Chapter 7 Trustee reached a global settlement agreement (the "Settlement Agreement"), which disposed of the Judgment and provides that the Chapter 7 Trustee will not oppose this Motion. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit B.

5

19. Paragraph 5 of the Settlement Agreement provides as follows: "<u>Vacatur of Sanctions Order</u>. Subject to the occurrence of the Settlement Effective Date, the Trustee shall not oppose a request by Frattaroli to have the Sanctions Order vacated by the Bankruptcy Court."

20. On that same date, the Chapter 7 Trustee filed his *Motion for an Order Approving Settlement by and Between the Chapter 7 Trustee and Joseph F. Frattaroli* [D.I. 324] (the "Settlement Motion").

21. On October 30, 2018, Judge Sontchi entered an order approving the Settlement Motion [D.I. 327] (the "Settlement Order"). A true and correct copy of the Settlement Order is attached as Exhibit C.

22. On March 15, 2022, the Chapter 7 Trustee filed a *Notice of Satisfaction of Judgment Against Joseph F. Frattaroli* (the "Notice of Satisfaction") [Adv. D.I. 174]. A true and correct copy of the Notice of Satisfaction is attached as Exhibit D.

## **RELIEF REQUESTED: BASIS THEREFORE**

23. In accordance with Federal Rules of Bankruptcy Procedure 9014 and 9020, Frattaroli respectfully requests that the Court vacate the Contempt Order pursuant to its inherent police power or the equitable powers bestowed upon it under 11 U.S.C. § 105, which states that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

24. As the Court noted in its opinion originally finding Frattaroli in contempt, civil contempt is coercive and looks to the future. *In re Vaso Active Pharmaceuticals, Inc.*, 514 B.R. 416, 423 (Bankr. D. Del. 2014). Civil contempt is purged when the contemnor has complied with all aspects of the underlying order. *Marshall v. Whittaker Corp., Berwick Forge & Fabricating Co.*, 610 F.2d 1141, 1145 (3d Cir. 1979).

25. At the Contempt Hearing, Judge Sontchi signaled his willingness, "if things go well," (Tr. at p. 13, l.25) to "enter an order amending [the sanction] so that the $20,000 is no longer payable." (Tr. at p. 13, ll.1-2). The Court stated: "If that occurs, and the discovery is thorough and honest and forthright and the deposition goes well, I certainly would be inclined to waive the $20,000 sanction, although the threat of it, if you will, among other things, may have solved the problem, which was to get discovery taken care of." (Tr. at p. 10, ll.3-11).

26. Things did go well, and discovery has been taken care of. Frattaroli retained undersigned counsel to assist him with understanding his discovery obligations and discharging them. He sat for deposition and otherwise cooperated with the AA Trustee's investigation over a protracted period of time. In connection with providing extensive document production and written discovery, Frattaroli participated in months of good-faith, arm's length negotiations which ultimately resulted in reaching a global settlement with the Chapter 7 Trustee that resolved the Judgment and provided for potential disposition of the Monetary Sanction and Contempt Order via this Motion, subject to the Court's approval.

27. Since the Court's fundamental purpose in entering the Contempt Order was "to get discovery taken care of," and that has occurred, the Court may properly infer, as evidenced by the Settlement Agreement, that Frattaroli complied with all material aspects of the Contempt Order. With the assistance of counsel to provide guidance and focus to an otherwise overwhelmed contemnor, the Contempt Order has served its purpose of ensuring Frattaroli's compliance with his discovery obligations. The Court may find that Frattaroli has purged the contempt, and that the Contempt Order has effectively been rendered moot.

28. As an alternative path to obtaining the relief he seeks, Frattaroli invokes Federal Rule of Civil Procedure 60(b) (relief from a judgment or order). That Rule, which the Court may

make applicable to this contested matter via Federal Rule of Bankruptcy Procedure 9014(c) -- which authorizes the Court, "any stage in a particular matter [to] direct that one or more of the other rules in Part VII shall apply" -- provides that on motion and upon such terms as are just, the court may relieve a party from a final judgment ***or order*** for mistake, inadvertence, surprise or excusable neglect ***or any other reason justifying relief from the operation of the judgment***. The Rule states, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> […]
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>
> (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Federal Rule of Civil Procedure 60(b) and (c).

29. Frattaroli moves under Rule 60(b)(5) (applying the Contempt Order prospectively is no longer equitable) and (6) (any other reason that justifies relief, here the interests of justice) -- to which sections the one-year time restriction does not apply.

30. Since the global settlement was struck, the Debtor's estate has received valuable consideration in the amount of a $35,000 settlement payment from Frattaroli. In exchange, the Chapter 7 Trustee has agreed not to oppose this Motion. That *quid pro quo* contemplates a waiver

8

of the Monetary Sanction, which under paragraph 1 of the Contempt Order was payable to the AA Trustee, the Chapter 7 Trustee's predecessor-in-interest. Thus, granting Frattaroli the relief he seeks will not prejudice the Chapter 7 Trustee or the Debtor's estate.

31. Frattaroli brings his Motion at this time because the Chapter 7 Trustee's recent filing of the Notice of Satisfaction was the final remaining condition precedent to be fulfilled under the Settlement Agreement. Pursuant to paragraphs 2 (the settlement payment has been received) and 4 (the Notice of Satisfaction has issued) of the Settlement Agreement, the filing of that document indicates that the Settlement Agreement has been effectuated.

32. In closing, Frattaroli sustained a devastating blow to his personal finances during the multi-year, good-faith effort he made to right the Debtor's ship during the three years immediately preceding the bankruptcy filing, working without pay for much of that time. Indeed, after the company's Chief Executive Officer was sanctioned by the U.S. Securities and Exchange Commission with a bar from serving as a director or officer of any public company, the commission immediately thereafter requested that Frattaroli, as Chief Financial Officer, take over at the helm. He complied in good faith with the commission's request at his own cost. And after the bankruptcy was filed, he dutifully remained at his post during the post-petition efforts to reorganize the company for the benefit of all creditors, again without receiving anywhere near the full measure of compensation to which he was entitled for his services. In connection with entry into the Settlement Agreement he waived his administrative expense claim asserted in the principal amount of $325,769.23.

33. Frattaroli respectfully states that he has fully complied with all material aspects of the Contempt Order, certainly in spirit if not by the letter, and respectfully requests the Court's assistance in bringing a close to this unfortunate chapter of his professional career, without having

the Contempt Order lingering to the possible prejudice of his future endeavors. Frattaroli respectfully submits that applying the Contempt Order prospectively is no longer equitable and that the relief he seeks is justified.

## **CONCLUSION**

WHEREFORE, Joseph F. Frattaroli respectfully requests that this Honorable Court exercise its discretion and equitable powers to (i) enter the proposed form of order attached hereto as Exhibit E granting the Motion and vacating the Contempt Order, and (ii) grant to Mr. Frattaroli such other and further relief as the Court deems just and proper.

Date: April 7, 2022
Wilmington, Delaware         **SULLIVAN · HAZELTINE · ALLINSON LLC**

 /s/ E.E. Allinson III
Elihu E. Allinson, III (No. 3476)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: zallinson@sha-llc.com

*Attorneys for Joseph F. Frattaroli*